UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DUSTIN MUSCHA,

      Petitioner,

v.                                                    Case No. 5:17cv109-MCR-CJK

B.A. BLACKMON, Warden,
FCI-Marianna,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is Dustin Muscha's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government responded in opposition (doc. 14) and petitioner filed a reply (doc. 18). The matter is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned concludes petitioner is not entitled to relief under § 2241 and the petition should be denied.

## BACKGROUND

Petitioner is currently confined at the Federal Correctional Institution in Marianna, Florida. In this habeas petition, he challenges a prison disciplinary proceeding that resulted in the loss of good-conduct time.

On September 18, 2016, petitioner was involved in an altercation with a fellow inmate named Jumper. Petitioner says he was the victim of an assault and did not "physically attack or assault" Jumper. Although petitioner was found guilty of fighting at a disciplinary hearing, he claims he is innocent and "there is no evidence" to support the charge. Thus, he seeks expungement of the disciplinary report and restoration of the lost good-conduct time.

## DISCUSSION

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

A disciplinary hearing officer ("DHO") found petitioner guilty of fighting with Jumper after holding a hearing on September 29, 2016. The DHO's report identified the evidence supporting petitioner's guilt, including: (1) video footage showing Jumper entering petitioner's cell and leaving approximately one minute later "with his hair undone"; (2) a medical assessment showing Jumper "had a minor scratch inside his left ear"; and (3) the Inmate Investigative Report, which contained

statements from Jumper and another inmate who witnessed the incident. (Doc. 14-4, p. 3). Jumper's statement indicated petitioner "swung and hit [him] in the jaw with his left hand, pulled [his] hair, and scratched [his] ear." (Doc. 14-3, p. 5). Jumper also said he "had [his] hair in a pony tail and [petitioner] pulled it so hard the hair band came out when I left the cell." (*Id.*). The inmate who witnessed the altercation stated petitioner and Jumper were "talking and then all of a sudden both of them had fists flying. They were both fighting, but [the inmate witness] didn't see anything specific." (*Id.*).

Petitioner maintains Jumper assaulted him and he did not fight back. (Doc. 18). He argues: (1) the scratch inside Jumper's ear is "not associated with an altercation" and "could have happened at any time in the three days from the assault until [Jumper] was evaluated by medical staff"; (2) the inmate witness "gave false statements to prison officials against Petitioner"; and (3) Jumper later confessed to petitioner that the assault occurred because Jumper wanted to be moved to a different housing unit. Petitioner also notes the Inmate Investigative Report identifies him as "victim" and "there was no evidence of any injury to [Jumper's] jaw.

Although petitioner identifies arguments and evidence supporting his claim of innocence, "[a]scertaining whether [the 'some evidence'] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. The

evidence the DHO relied on—the video footage, Jumper's medical assessment, and statements from Jumper and another inmate—could support the conclusion plaintiff fought Jumper. *Cf. Anderson v. FCC Coleman-USP II Warden*, 649 F. App'x 730, 731 (11th Cir. 2016) (holding prison employee's statement that inmate was exchanging punches with another inmate constituted sufficient evidence to support DHO's finding that inmate was fighting). Petitioner merely disputes the outcome of the disciplinary proceeding. The petition, therefore, should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be DENIED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of December, 2017.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.